UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20149-CR-LENARD

UNITED STATES,

v.

MANUEL REYES,

Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)**

THIS CAUSE is before the Court on the Defendant Manuel Reyes' ("Defendant") Motion for Compassionate Release ("Motion") (D.E. 627) pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States of America ("Government") filed a Response ("Response") (D.E. 629) in opposition to the Motion. The Defendant has not filed a reply. The Court, having considered the Motion, the Reply, the docket, and otherwise being fully advised on this matter, finds as follows.

I.     **Background**

Between July 2005 and February 2006, the Defendant and his co-defendants met with a confidential source and an undercover detective to plan an armed robbery of approximately 35-45 kilograms of cocaine, which resulted in a sting operation and the arrest of the Defendant and his co-defendants on or about February 23, 2006. On May 3, 2005, the Defendant pleaded guilty to counts (I) conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, (V) conspiracy to use a firearm during a

crime of violence and drug trafficking in violation of 18 U.S.C. § 924(o), and (VI) carrying a firearm during a crime of violence and drug trafficking in violation of 18 U.S.C. § 924(a)(1)(A). D.E. 76.

Based on his criminal history, the Defendant was a career offender. PSR at 19. His offense level was 37, and the statutory maximum sentence for the crimes for which the Defendant was convicted was life in prison. PSR at 12. The Defendant received a three-level reduction, to 34, for his acceptance of responsibility for his crime and assistance with the investigation, and the Government recommended a sentence at the low end of the guidelines. PSR at 4. The PSR reflects that the guideline range for the Defendant's sentence was 322-387 months in prison. On July 26, 2006, the Defendant was sentenced to 262 months for Count I, 240 months for Count V, both to run concurrently, and 60 months for Count VI, to run consecutively. D.E. 112 at 2.

The Defendant has filed seven previous unsuccessful § 3582 motions for compassionate release. D.E. 414; D.E. 420; D.E. 422; D.E. 427; D.E. 490; D.E. 491; D.E. 493; D.E. 494; D.E. 496; D.E. 502; D.E. 609; D.E. 620; D.E. 623; D.E. 626.

The Defendant filed the present Motion on August 20, 2024.[1] In his Motion, he lists a series of ailments and alleges that said ailments cause him to suffer not only "discomfort

---

[1] Absent an applicable exception, a defendant seeking a § 3582 sentence reduction must first present the request to the Federal Bureau of Prisons before filing with a district court. 18 U.S.C. § 3582(c)(1)(A). The Defendant asks in his Motion that the requirement of exhausting administrative remedies be waived. D.E. 627 at 3-6. The Government points out, correctly, that the Defendant has in fact exhausted his administrative remedies. D.E. 629 at 5. The Defendant presented his request to the warden of FCI La Tuna and after being denied, appealed the decision. *Id.* Accordingly, the Court does not further discuss this requirement.

and pain," but constitute "conditions that are being untreated and creating a catastrophic irreparable, irreversible condition." D.E. 627 at 1. The Motion states that the § 3553(a) factors weigh in his favor and argues that while his crimes were serious, the Defendant believes that to keep the Defendant in prison longer would "impose a sentence that is 'greater than necessary.'" *Id.* at 8. The Defendant further argues that there is a disparity between the sentence he received, and that served by one of his co-defendants. Id. at 9. Finally, the Defendant points out that he was not convicted of any charges relating to terrorism, hate crimes, kidnapping, or human rights violations, and that his crimes were victimless. *Id.*

The Government filed its Response on September 3, 2024, averring that the Defendant exaggerates his illnesses, and that he is both receiving adequate treatment for his conditions and is capable of providing self-care in prison. D.E. 629 at 6. The Response further states the Government's position that as a result of the severity of the Defendant's crimes the § 3553(a) factors do not weigh in favor of release. *Id.* at 7. The Government points to the Defendant's status as a career offender and past offenses relating to drug trafficking. *Id*. The Defendant has not filed a reply.

**II.    Applicable Law**

Absent statutory authority, a district court may not modify an imposed sentence. 18 U.S.C. § 3582; *see also United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020). Nevertheless, 18 U.S.C. § 3582 permits a court to reduce the sentence of a defendant in certain, specific circumstances where the defendant has proven that compassionate release

3

is proper. *See United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (Moreno, J.) ("In seeking a reduced sentence under this framework, the defendant 'bears the burden of establishing that compassionate release is warranted.'"). However, even where a defendant has met this burden, courts maintain discretion to decide whether a sentence reduction is merited. *Id.*

A defendant seeking a sentence reduction under § 3582(c)(1)(A) must ordinarily submit a motion for sentence reduction to the Federal Bureau of Prisons and exhaust their right to appeal the Bureau of Prisons decision. 18 U.S.C. § 3582(c)(1)(A). Once a Defendant has exhausted their administrative remedies, a court may grant a sentence reduction under §3582(c)(1)(A) if: (1) the 18 U.S.C. § 3553(a) factors weigh in favor of release;[2] (2) there are extraordinary and compelling reasons that warrant release;[3] and (3)

---

[2] The 18 U.S.C. § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

[3] In U.S.S.G. § 1B1.13, the Sentencing Commission delineated conditions which constitute extraordinary and compelling circumstances: (1) medical circumstances of the defendant; (2) the defendant's age, infirmity, and time spent in prison; (3) family circumstances of the defendant; (4) the defendant, while in prison, was the victim of sexual abuse or physical abuse perpetrated by an officer, employee, contractor, or other individual in the employ of the Bureau of Prisons who had custody or control of the defendant; (5) other reasons; or (6) the defendant has been sentenced to an unusually long sentence. U.S.S.G. § 1B1.13(b)(1-6).

if the sentence reduction would be consistent with the policy statement of § 1B1.13.[4] *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).

The Court may consider these conditions in any order, and, if the Court determines one or more are unmet, it may end its analysis there. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). For these reasons, a sentence reduction under § 3582(c)(1)(A) is an exceptional remedy.

**III.   Discussion**

   ***a. The Defendant's Medical Conditions do not Constitute Extraordinary and Compelling Circumstances***

The Defendant's illnesses form the primary basis for his claim of extraordinary and compelling circumstances warranting his release. The Defendant lists his illnesses as diabetes mellitus, hyperlipidemia, unspecified hyperlipidemia, hypertension, bilateral bundle branch block, peripheral vascular disease, esophageal reflux, "tb propy history," and bifascicular block. D.E. 627 at 2. The Motion also lists the medicines that the Defendant takes to treat his conditions and makes reference to past surgeries his ailments have necessitated.[5] *Id*. at 3. The Defendant claims that he will require further surgery and that his illnesses will cause him to suffer serious and irreparable harm. *Id.* at 1-3.

---

[4] The policy statement with which a sentence reduction must be consistent is that the defendant must not be a danger to any person or the community within the meaning of U.S.S.G. § 1B1.13. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).
[5] The Motion references a number of attachments that provide support for his claims of debilitating illnesses. D.E. 627 at 3. However, the docket reflects that the Defendant filed no attachments to supplement his Motion.

The Government counters the Defendant's claims by stating that the Defendant does not suffer any terminal illnesses, and that his conditions are all adequately managed in prison. D.E. 629 at 6. A review of the Defendant's medical history (D.E. 618) confirms the Government's claims and reflects that the Defendant is able to provide self-care in prison by taking prescription medicine and practicing conservative therapy. *See generally* D.E. 618. The same document further suggests that should the Defendant require surgery, he would be able to receive such surgery in prison, as he has previously. *Id*. The Defendant has not provided any evidence to support his averment that to remain in prison with his medical condition would cause a "catastrophic, irreparable, irreversible condition." D.E. 627 at 1. Accordingly, the Court finds that the Defendant has not shown that extraordinary and compelling circumstances warrant his release.

### b.  *The § 3553(a) Factors and § 1B1.13*

Assuming, *arguendo,* that the Defendant had shown that extraordinary and compelling circumstances which warranted compassionate release, the Court also notes that the § 3553(a) factors do not favor releasing the Defendant from prison. The Court has in a previous order (D.E. 502) denying the Defendant's earlier motion (D.E. 496) for compassionate release weighed the § 3553(a) factors and found that the factors disfavored release because of the Defendant's extensive prior criminal history and the severity of the crime. D.E. 502 at 9-13. The Court adopts its reasoning in that order (D.E. 502). Accordingly, the Court finds that releasing the Defendant would not reflect the severity of the crime, promote respect for the law, provide just punishment for the offense, afford

adequate deterrence to criminal conduct, and protect the public from further crimes of the Defendant. Thus, the 3553(a) factors do not weigh in favor of release.

The Eleventh Circuit in *Tinker* stated that a motion for sentence reduction under § 3582(c)(2) would be successful only if: (1) the motion showed that the § 3553(a) factors favored their release, (2) the motion demonstrated extraordinary and compelling reason for such relief, and (3) that granting such relief would not endanger any person or the community within the meaning of the policy statement of § 1B1.13. *Tinker*, 14 F.4th at 1237. The *Tinker* court reasoned that since a motion seeking a sentence reduction under § 3582(c)(2) would need to satisfy each of these conditions, failure to satisfy any condition would necessarily render the motion unsuccessful. *Id* at 1237-1238. Accordingly, if a district court determines that the motion failed to satisfy one condition, a further exhaustive analysis of the remaining conditions is unnecessary. *Id* at 1238.

As the Court stated above, the Defendant has not presented extraordinary and compelling circumstances which would warrant his release. Further, the § 3553(a) factors do not favor release. Thus, an exhaustive analysis of whether the Defendant would present a danger to the community, or any person would be purely academic. The Defendant has not demonstrated the existence of extraordinary and compelling circumstances, and the § 3553(a) factors disfavor release, and so the Motion fails.

## IV.   Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Manuel Reyes's Motion for Reduction in Sentence Under Title 18 U.S.C. §3582(c)(1)(A) (D.E. 627) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of March, 2025.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**